Arthur Gr. Klein, J.
This is an action to recover money damages for personal injuries sustained by the plaintiff on August 26, 1954. The plaintiff was employed as a painter by the Metro Decorating Company, Inc., the third-party defendant, which had a contract with the defendant to do certain work at various subway stations. On the day in question plaintiff was working at the 59th Street station of the IRT division.
The accident resulting in the injuries for which suit has been brought occurred around 1:30 o’clock in the afternoon. In the morning, the plaintiff and other employees of the third-party defendant reached the area they were painting by means of a scaffold they erected. After lunch the plaintiff again ascended the scaffold to reach the place in the so-called mezzanine or ventilator to finish the work to which he had been assigned. About 1:30 p.m. he reported to his foreman, also employed by the third-party defendant, that the work was completed and he was ordered by said foreman to come down to the station platform. He also stated he was told to come down by the Transit Authority representative. In the meantime the scaffold had been removed by his coworkers. His fellow employee who had been working with him on the mezzanine lowered himself to the roof of the station change booth and thus descended to the platform. In doing likewise the plaintiff slipped on the roof of the booth which he described as dirty, greasy and slippery and was thus caused to fall to the platform sustaining the injuries for which he seeks damages.
The plaintiff has predicated his action on the alleged violation of sections 200 and 240 of the Labor Law as well as upon the breach of the alleged duty owed to the plaintiff by the defendant under the theory of common-law negligence.
It is, of course, impossible to ascertain upon what theory the jury returned its verdict of $60,000 in favor of the plaintiff.
Certain it is that sufficient proof of any violation of the pertinent sections of the Labor Law is lacking. The defendant was not shown to have exercised supervision of the work being performed, and the testimony that defendant’s inspector told him to come down is disregarded as incredible. The only believable evidence adduced is to the effect that said defendant’s inspector exercised the limited power of general supervision *585 to ascertain whether the painting contracted for was being properly done. This is not the equivalent of direction within the meaning of section 240 (Blackwood v. Chemical Corn Exch. Bank, 4 A D 2d 656, motion for leave to appeal dismissed 4NY 2d 802; see, also, Politi v. Irvmar Realty Corp., 7 A D 2d 414).
Likewise there is no credible evidence upon which could be predicated a violation of section 200 by the defendant.
Under the plaintiff’s theory of common-law negligence issues of fact were presented as to the defendant’s failure to furnish and maintain a safe place to work and as to plaintiff’s freedom from contributory negligence. The jury has resolved these issues in favor of the plaintiff and this determination will not be disturbed, as the court cannot substitute its views for those of the jury.
The defendant’s motion to set aside the verdict is accordingly denied, with appropriate exception.
' The issues raised by the third-party complaint were, by stipulation, withdrawn from the consideration of the jury. The contract between the defendant Transit Authority and the painting contractor, third-party defendant, contains a provision by the specific terms of which the contractor undertakes and agrees to indemnify the Transit Authority. This provision is clear and definite. The defendant Transit Authority is awarded judgment on its cross complaint in the third-party action (Jordan v. City of New York, 3 A D 2d 507, affd. 5 N Y 2d 723). All other motions on which decision was reserved are denied. Thirty days ’ stay and 60 days to make a case on appeal.